IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN M. FRANKLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 17-023-GMS |
| ) | |
| G.R. JOHNSON, Warden, and ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

## I. BACKGROUND

Pending before the court is John M. Franklin's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("petition"). (D.I. 1) Franklin's petition challenges his 2004 convictions for first degree rape, terroristic threatening, and endangering the welfare of child, and asserts the following four grounds for relief: (1) the Superior Court improperly summarily dismissed his Rule 61 motion on March 29, 2106 because he is actually innocent; (2) ineffective assistance of trial counsel; (3) the rape case should not have been transferred to the Superior Court insufficient indictment; and (4) the Superior Court judge abused his discretion in failing to discover that trial counsel provided ineffective assistance. *Id.*

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition

is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

The instant petition is Franklin's third request for habeas relief with respect to his 2004 convictions. *See Franklin v. Phelps*, 2009 WL 3831375 (D. Del. Nov. 16, 2009). The court denied Franklin's first petition as procedurally barred, which constitutes an adjudication on the merits.[1] *See Hernandez v. Diguglielmo*, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005)(collecting cases); *Rauso v. Pennsylvania Board of Probation & Parole*, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004)(in denying petitioner's § 2244 motion for leave to file a second or successive habeas petition, the "Third Circuit noted that the prior habeas petition had been dismissed for procedural default and that procedural default is a dismissal on the merits for purposes of requiring leave to file an application to file a second or successive habeas petition."). The court denied his second habeas petition for lack of jurisdiction because it constituted an unauthorized second or successive request for habeas relief. Given these circumstances, the court concludes that the instant petition constitutes a second or successive habeas petition within

---

[1]*See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002)(procedurally defaulted claims "can never establish a basis for habeas relief"); *see also Hawkins v. Evans*, 64 F.3d 543, 547 (10th Cir. 1995)(where court held that, pre-AEDPA, the denial of a claim due to procedural default is a determination on the merits for the purpose of deciding whether a second habeas petition is successive); *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990)(same); *Shaw v. Delo*, 971 F.2d 181, 184 (8th Cir. 1992)(discussing bar on consideration of successive petitions); *Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir. 2002).

the meaning of 28 U.S.C. § 2244.

The record reveals that Franklin did not obtain permission from the Third Circuit Court of Appeals before filing his pending habeas request. Accordingly, the court will dismiss the instant petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."). The court will also decline to issue a certificate of appealability because Franklin has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV. CONCLUSION

For the aforementioned reasons, the court will deny Franklin's § 2254 petition for lack of jurisdiction because it constitutes a second or successive habeas petition under 28 U.S.C. § 2244. A separate order will be entered.

_____
DATE

_____
UNITED STATES DISTRICT JUDGE